Both the Deputy Commissioner and the majority were in error when they excluded medical records offered into evidence and not objected to during the deposition of Dr. Charles R. Stewart. In paragraph 4 of the boilerplate stipulations for the taking of the deposition of Dr. Stewart the parties agreed that objections to questions and motions to strike answers need not be made during the taking of the deposition. However, the parties made no such agreement with respect to offers into evidence of any kind, including medical records. Not only did defendants not object to the tender of these medical records, they even perused them at the time they were offered. (Stewart deposition, pp. 11-12). Under the circumstances where medical records were offered into evidence and not objected to at the time it should be fairly understood that this was tantamount to stipulation to the medical records.
The deposition of Dr. Stewart was taken on October 7, 1999 and the first time defendants objected to the medical records which were then part of the record was November 19, 1999 when they filed their brief with the Deputy Commissioner. This objection came too late. Had it been made at the deposition on October 7, 1999, plaintiffs could have rectified the matter by taking the depositions of the two physicians. By their inaction at the taking of the deposition on October 7, 1999, defendants are estopped from saying that the proffered medical records are not part of the record of this proceeding. Had the Deputy Commissioner and the majority not made this error there would no doubt be a different result.
This 18th day of May, 2001.
 S/_____________ THOMAS J. BOLCH COMMISSIONER